DECISION
{¶ 1} Relator, Dwayne Harris, has filed this original action requesting this court to issue a writ of mandamus ordering respondent, Judge Alan Travis, to issue a final judgment entry in relator's case in the Franklin County Court of Common Pleas, so that relator can file an appeal.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C), and Section (M), Loc.R. 12 of the Tenth District Court of Appeals. The magistrate issued a decision, including a finding that the complaint was moot because respondent had entered the final judgment entry requested by relator. For that reason, the magistrate recommended that we deny the relief requested by relator. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision and as it contains no error of law or other defect on its face, and based on an independent review of the file, this court adopts the magistrate's decision. Relator's request for a writ of mandamus is denied.
Writ of mandamus denied.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} In this original action in mandamus, relator, Dwayne Harris, asks the court to issue a writ compelling respondent, Judge Alan Travis, to issue a final judgment entry in relator's case in Franklin County Common Pleas Court so that relator can file an appeal. On January 13, 2003, respondent filed a motion to dismiss, which the magistrate converted to a motion for summary judgment. The magistrate recommends that the court grant respondent's motion.
Procedural History:
 {¶ 5} 1. In his complaint in this original action, relator alleges that respondent issued a decision on October 10, 2002, granting a motion for summary judgment and accordingly dismissing an action filed by relator in the common pleas court.
 {¶ 6} 2. Relator states that he filed a notice of appeal from respondent's decision, case number 02AP-1184 in this court, but the appeal was dismissed due to the lack of a final appealable order from the common pleas court, in that the common pleas court had not yet filed the judgment entry.
 {¶ 7} 3. On December 15, 2002, relator filed the present action in mandamus, claiming that respondent had a duty to file a judgment entry in order to journalize the decision rendered in October 2002 and asking this court to issue a writ compelling respondent to file the judgment entry.
 {¶ 8} 4. On January 13, 2003, respondent filed a motion to dismiss arguing that the complaint was moot because respondent had entered the final judgment entry requested by relator. Respondent attached a copy of the entry to the motion to dismiss.
 {¶ 9} 5. The magistrate issued an order under Civ.R. 12(B), ruling that the motion to dismiss would be treated as a motion for summary judgment under Civ.R. 56 because respondent's motion included materials outside the pleadings.
Conclusions of Law:
 {¶ 10} This matter is before the magistrate on the motion to dismiss filed by respondent on January 13, 2003, which the magistrate converted to a motion for summary judgment. Relator has filed no memorandum in opposition.
 {¶ 11} The magistrate agrees that the matter raised in the complaint is now moot, because respondent has entered the judgment as requested by relator. This court cannot properly issue a writ compelling the common pleas court to file a judgment entry that it has already filed.